```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION

CHINESE CIVIC CENTER,            §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   CIVIL ACTION H-10-4098
                                 §
CATLIN SPECIALTY INSURANCE       §
COMPANY, ENGLE MARTIN &          §
ASSOCIATES, INC., AND ROB        §
HOWELL,                          §
                                 §
          Defendants.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed on diversity jurisdiction from the 334th Judicial District Court of Harris County, Texas and arising out of Plaintiff Chinese Civic Center's claim under its Texas Commercial Insurance Policy, no. 4200202218, issued by Defendant Catlin Specialty Insurance Company ("Catlin"), for damage caused by Hurricane Ike to Plaintiff's real property with improvements and personal property located at 5905 Sovereign Drive, Houston, Texas 77036, are the following motions: (1) Defendant Engle Martin & Associates, Inc.'s ("EMA's") motion to dismiss under Rule 12(b)(6) [and Rule 9(b)] or, in the alternative, motion for more definite statement under Rule

12(e)(instrument #8); and (2) EMA's verified plea in abatement[1] subject to its motion to dismiss (#9).

**Pleas in Abatement**

In addition to EMA's verified plea in abatement, Catlin filed a Plea in Abatement (#1-4, Ex. D) in state court on October 22, 2010, while Defendant Rob Howell filed one (#1-5, Ex. E) on October 25, 2010, prior to removal of the action by Catlin on October 25, 2010, asserting that Plaintiff failed to satisfy the notice requirement of Section 541.154 of the Texas Insurance Code and of the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Section 17.505(a) of the Texas Business and Commerce Code.

Under Section 541.154(a) of the Texas Insurance Code, a person seeking damages in a lawsuit "against another person under this subchapter must provide written notice to the other person not later than the 61st day before the action is filed." Tex. Ins. Code § 541.154(a). That written notice must "advise the other person of . . . "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." *Id.*, § 541.154(b). The plaintiff need not comply if "giving notice is impracticable because the action . . . must be filed to prevent the statute of limitations from expiring . . . or . . . is asserted as a counterclaim." *Id.*, § 541.154(c).

---

[1] The propriety of the removal is not contested.

Under § 541.155 of the Texas Insurance Code,

(a) A person against whom an action under this subchapter is pending who does not receive the notice as required by Section 541.154 may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending.

(b) That court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154.

(c) An action is automatically abated without a court order beginning on the 11th day after the date a plea in abatement is filed if the plea:

> (1) is verified and alleges that the person against whom the action is pending did not receive the notice as required by Section 541.154; and
>
> (2) is not controverted by an affidavit filed by the claimant before the 11th day after the date the plea in abatement is filed.

(d) An abatement under this section continues until the 60th day after the date notice is provided in compliance with Section 541.154.

(e) This section does not apply if Section 541.154(c) applies.

Similarly, § 17.505(a) of the DTPA requires a consumer filing suit to give a sixty-day written notice to the defendant before commencing the action to advise him "in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant." The DTPA provides an exception where

giving notice is impracticable because of imminent expiration of limitations or if the consumer's claim is made as a counterclaim. Section 17.505(b). If the defendant does not receive the timely notice, he may file a plea in abatement "not later than the 30th day after the date the person files an original answer in the court in which the suit is pending, unless Subsection (b) applies. Section 17.505(c).[2] The abatement subsections are the same as those under the Texas Insurance Code.

The purpose of the sixty-day notice obligation under both statutes is to "'discourage litigation and encourage settlements of consumer complaints.'" *Hines v. Hash*, 843 S.W. 2d 463, 469 (Tex. 1985), *quoting John Walter Homes, Inc. v. Valencia*, 690 S.W. 2d 239, 242 (Tex. 1985).

Thus if the plaintiff fails to provide the requisite written notice or its notice is insufficient to meet the contents requirements, the insurer is entitled to abate an action. *See, e.g., Boone v. SAFECO Ins. Co. of Ind.*, No. H-09-1613, 2009 WL 3063320 (S.D. Tex. Sept. 22, 2009); *Corona v. Nationwide Property and Casualty Ins. Co.*, No. H-10-1651, 2010 WL 1636119 (S.D. Tex. June 29, 2010); *In re Liberty Mutual Fire Ins. Co.*, No. 14-09-876-

---

[2] The Supreme Court of Texas has held that even a request for abatement filed after forty-five days is timely if it is made "while the purpose of the notice-settlement and avoidance of litigation expense remains viable. Thus, defendant must request an abatement with the filing of an answer or very soon thereafter." *Hines*, 843 S.W. 2d at 469.

CV, 2010 WL 1655492 (Tex. Civ. App.--Houston [14th Dist.] Apr. 27, 2010).

Because Plaintiff's counsel has filed copies of two letters, dated December 7, 2010 (#14) and January 17, 2011 (#16), notifying Defendants' counsel of their claims under the Texas Insurance Code and the Deceptive Trade Practices Act, and because more than sixty days have since passed, the Court finds the requests for abatement are moot.

## Standard of Review

**Rule 12(b)(6)**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, ___ F.3d ___, No. 10-10290, 2011 WL 870724, *4 (5th Cir. Mar. 15, 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, ___ F.3d ___, No. Civ. A. L-08-39, 2010 WL 3081504, * 3 (5th Cir. Aug. 9, 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).

speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, ___ F.3d ___, No. Civ. A. L-08-39, 2010 WL 3081504, * 3 (5th Cir. Aug. 9, 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United*

*States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]"). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or

advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

**Rule 9(b)**

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice intent, knowledge, and other conditions of a person's mind may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

The pleading standards of *Twombly* and Rule 9(b) apply to pleading a state law claim of conspiracy to commit fraud. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009)("a plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts . . . taken

in furtherance of the conspiracy'"), *quoting FC Inv. Group LLC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008).

If Plaintiffs fail to state a claim for fraud underlying their civil conspiracy claim, the civil conspiracy claim must be dismissed, too. *Allstate Ins. Co. v. Receivable Finance, Inc.,* 501 F.3d 398, 414 (5th Cir. 2007); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W. 2d 420, 438 (Tex. 1997)("Allegations of conspiracy are not actionable absent an underlying [tort]"); *Krames v. Bohannon Holman LLC*, No. 3:06-CV-2370-0, 2009 WL 762205, *10 (N.D. Tex. Mar. 24, 2009).

Because "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998). *See also, e.g., Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009). Where "[t]he factual background of . . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is

fraud even though the theory supporting the claim is not technically termed fraud." *Frith*, 9 F. Supp. 2d at 742, *citing Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001).

### EMA's Motion to Dismiss

Plaintiff has alleged that EMA violated Texas Insurance Code § 541.060(a) by engaging in unfair settlement practices by misrepresenting to Plaintiff material facts or policy provisions relating to the coverage in dispute, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy for Catlin's denial of the claim or offer of a compromise settlement of the claim, and failing to conduct a reasonable investigation of the claim. Plaintiff further asserts that EMA violated the DTPA by engaging in "false, misleading or deceptive acts and practices," including (1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have; (2) failing to disclose information concerning goods or services; (3) generally engaging in unconscionable courses of action; and (4) violating provisions of the Texas Insurance Code.

EMA contends that dismissal under Rule 12(b)(6) of "Plaintiff's unspecific, conclusory claims against EMA is

appropriate because (1) Plaintiff fails to state a claim for its allegations of fraud and liability under the Texas Insurance Code[3] and Texas Deceptive Trade Practices Act (the "DTPA")[4] in that Plaintiff has failed to plead these allegations with requisite particularity [and does nothing more than paraphrase the statutes]; and (2)) Plaintiff's allegations of fraud[5] do not comply with the

---

[3] To state a claim under Chapter 541 of the Texas Insurance Code the plaintiff must show that (1) it is a "person" as defined by Section 541.002(2) of the Texas Insurance Code; (2) defendant is a "person" as defined by Section 541.002(2) of the Texas Insurance Code; (3) the defendant engaged in an act or practice that violated (a) Chapter 541, subchapter B, of the Texas Insurance Code, (b) Section 17.46 of the Texas Business and Commerce Code and the plaintiff relied on the act or practice to its detriment, or (c) a tie-in provision of the Texas Insurance Code; and (4) the defendant's act or practice was a producing cause of its actual damages. Tex. Ins. Code §§ 541.002(2) and 541.151; *Crown Life Ins. Co. v. Casteel*, 22 S.W. 2d 378, 383 (Tex. 2000); *Allstate Ins. Co. v. Watson*, 876 S.W. 2d 145, 147 (Tex. 1994).

[4] The elements of a DTPA claim are (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant committed a wrongful act, which violated a specific provision of the DTPA; and (4) the defendant's action was a producing cause of the plaintiff's damages. *Amstadt v. U.S. Brass Corp.*, 919 S.W. 2d 644, 649 (Tex. 1996). EMA insists that Plaintiff failed to identify any act by EMA that violated the statute: it did not identify a particular misrepresentation by EMA, or a person to whom such a misrepresentation was made, when it was made, how it was made, or the particular policy provisions or insurance claim item that was the subject of the misrepresentation. Nor did Plaintiff identify specific deceptive acts nor practices purportedly committed by EMA or an action constituting an unconscionable course of conduct.

[5] To state a claim for fraud, a plaintiff must assert that (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly, as a positive assertion, without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon by the other party; (5) the party

heightened pleading requirements of Rule 9(b)." Alternatively EMA requests a more definitive statement pursuant to Rule 12(e).

### Court's Ruling

Despite objections from Plaintiff, after reviewing the Petition and the law, the Court concurs with EMA that Plaintiff's petition fails to state a claim against EMA under Federal Rules of Civil Procedure 12(b)(6) and 9(b). The complaint consists of legal conclusions, boiler plate, formulaic recitations of statutory language, and elements of a cause of action without the factual underpinnings required for a plausible claim against EMA.[6]

---

justifiably relied on the representation; and (6) the representation caused injury. *Ernst & Young, LLP v. Pac. Mut. Life Ins. Co.*, 51 S.W. 3d 573, 577 (Tex. 2001).

[6] While the petition here fails to meet the heightened federal pleading requirements under *Twombly* and *Iqbal*, the situation is complicated by the fact that

> "Texas follows a 'fair notice' pleading standard, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. C.L. Westbrook*, 146 S.W. 3d 220, 232 (Tex. App.--Fort Worth 2004 (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W. 3d 887, 896 (Tex. 2000)), [*rev'd on other grounds*, 231 S.W. 3d 389 (Tex. 2007)]. "The test of the 'fair notice' pleading requirement is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain [the] nature and basic issues of controversy and testimony probably relevant." *City of Alamo v. Casas*, 960 S.W. 2d 240, 251 (Tex. App.-Corpus Christi 1997, pet. denied). "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader basis his claim." *Auld*, 34 S.W. 3d at 897. A party's pleadings are to be construed liberally in favor of the pleader. *Id.*

---

*KIW, Inc. v. Zurich American Ins. Co.*, No. Civ. A. H-05-3240, 2005 WL 3434977, *3 (S.D. Tex. Dec. 14, 2005)(concluding that while the factual allegations in the petition were generic and minimal, the pleading met Texas' fair notice pleading standard and that as a matter of law all the asserted causes of action could be brought against an insurance agent defendant). *See also Urquilla v. Allstate Texas Lloyd's*, No. Civ. A. No. H-10-648, 2010 WL 3447591, *2-3 (S.D. Tex. Aug. 30, 2010)(citing *KIW* and holding that Plaintiff's allegations stated a claim under state law against a non-diverse defendant even though they only alleged the technical elements of a cause of action without factual support; concluding that the claims, if proven, created the reasonable possibility that Plaintiffs could prevail on these claims and thus there was no improper joinder).

Pleading standards are far more lenient in Texas state court, as summarized in 1 Tex. Prac. Guide Civil Pretrial § 5:39 (Database updated through September 2010):

> A petition is sufficiently pleaded if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W. 2d 593, 601 (Tex. 1993); *In re Credit Suisse First Boston Mortgage Capital, LLC*, 273 S.W. 3d 843, 850 (Tex. App.--Houston [14th Dist.] 2008, orig. proceeding)(petition can be sufficient if a claim reasonably may be inferred from what is specifically stated, and thus, a petition is not necessarily defective even if the plaintiff has not specifically alleged one of the elements of a claim); *In re P.D.D.*, 256 S.W. 3d 834, 939 (Tex. App.--Texarkana 2008, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W. 3d 323 (Tex. App.--Houston [14th Dist.] 2005, no pet.); *Tull v. Tull*,159 S.W. 3d 758, 762 (Tex. App.-Dallas 2005, no pet) . . . .*Woolam v. Tussing*, 54 S.W. 3d 442. 448 (Tex. App.--Corpus Christi 2001, no pet.)(pleadings will generally be construed as favorably as possible to the pleader; the court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged, and every fact will be supplied that can reasonably be inferred from what is specifically stated) . . . .

*See also* 58 Tex. Jur. 3d Pleading § 102 (Database updated October 2010)("In the absence of a special exception, a pleading will be construed liberally in the pleader's favor, and every reasonable intendment will be indulged in favor of the pleading. The court

Accordingly, for the reasons indicated, the Court

ORDERS that the verified pleas in abatement (#1, Exs. D&E; #9) are MOOT. The Court further

ORDERS that EMA's motion to dismiss is GRANTED, but Plaintiff is GRANTED LEAVE until twenty days after entry of this order to amend its pleadings to attempt to meet the requirements of the Federal Rules of Civil Procedure.

**SIGNED** at Houston, Texas, this  11th  day of  May , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

will seek to discover the intendment of the pleader; and the pleading may be upheld even if some element of the cause of action or defense has not been specifically alleged. Every fact will be supplied that may reasonably be inferred or regarded as being implied by what is specifically stated.")(footnote citations omitted).